UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMONE DICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-3047 (UNA) |
| ) | |
| BRITTANY BISNOTT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The Court will grant the *in forma pauperis* application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

Plaintiff offers a wide range of topics in her complaint, such as child custody proceedings in New York family courts, encounters with police in Albany and Schenectady, New York, and impeachment of the Vice President of the United States.  Notwithstanding the length of the complaint and the number of exhibits attached, the Court identifies no factual allegations supporting a viable legal claim.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where, as here, a complaint lacking "an arguable basis either in law or in fact" is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This complaint's factual allegations are incoherent, irrational or wholly incredible, rendering the complaint subject to dismissal as frivolous.  *See Denton v. Hernandez*, 504 U.S.

25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

      A separate order will issue.

DATE: October 28, 2022              /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge